IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| COUSINS SUBS SYSTEMS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. |
| | ) |
| BETTER SUBS DEVELOPMENT, INC., | ) |
| BETTER SUBS RESTAURANTS, LLC, | ) |
| JAMES B. RAILING, | ) |
| KAREN E. RAILING, and | ) |
| SHANTEL E. VAUGHN, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT FOR DAMAGES

Plaintiff Cousins Subs Systems, Inc., by its attorneys, and as and for its Complaint for Damages against defendants Better Subs Development, Inc., Better Subs Restaurants, LLC, James B. Railing, Karen E. Railing and Shantel E. Vaughn, states as follows:

### PARTIES

1. Plaintiff Cousins Subs Systems, Inc. ("Cousins") is a corporation organized and existing under the laws of the State of Wisconsin, with its principal place of business in Menomonee Falls, Wisconsin. Cousins is the franchisor of the well-known and popular Cousins Subs Shops, which specialize in the preparation and sale of Cousins' proprietary submarine/hero and deli sandwiches, and related products and services.

2. Defendant Better Subs Development, Inc. ("BSD") is a corporation organized and existing under the laws of the State of Indiana, with its principal place of business in Indianapolis, Indiana.

3. Defendant Better Subs Restaurants, LLC ("BSR") is an Indiana limited liability company headquartered in Indianapolis, Indiana. Each of BSR's members is a natural person and a citizen and resident of the State of Indiana.

4. Defendant James B. Railing is a citizen and resident of the State of Indiana, the President and sole-shareholder of BSD, and a member of BSR.

5. Defendant Karen E. Railing is a citizen and resident of the State of Indiana, and a member of BSR.

6. Defendant Shantel E. Vaughn is a citizen and resident of the State of Indiana, and a member of BSR.

## JURISDICTION AND VENUE

7. The Court has original subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332, in that this is a civil action between citizens of different States, wherein the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a), in that a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this judicial district. Moreover, each of the agreements out of which this action arises contains a mandatory forum selection clause specifying this Court as the proper forum for any action, and in which each defendant expressly consented to the jurisdiction of and venue in this Court.

## THE PARTIES' OPERATIVE AGREEMENTS

9. On September 14, 2006, Cousins and BSR entered into a written Cousins Subs Systems, Inc. Franchise Agreement (the "Columbus Franchise Agreement"), pursuant to which Cousins granted BSR a franchise to establish and operate a franchised Cousins Subs Shop at a specified location in Columbus, Indiana, for an initial ten (10) year term. Defendants James B.

Railing, Karen E. Railing and Shantel E. Vaughn (together, the "Railing Defendants") each personally guaranteed BSR's performance and payment under the Columbus Franchise Agreement.

10. On November 14, 2006, Cousins and BSD entered into a written Cousins Subs Systems, Inc. Area Development Agreement (the "ADA"), pursuant to which Cousins granted BSD the right, and BSD assumed the obligation, to develop a specified number of franchised Cousins Subs Shops within a particular development area in Indiana, and in accordance with a specified development schedule. James B. Railing ("Railing") personally guaranteed BSD's performance and payment under the ADA.

11. Also on November 14, 2006, Railing and BSD, jointly and severally, executed a promissory note (the "Note") payable to Cousins in the amount of $40,000. The Note provided that all outstanding principal and interest due under the Note was to be paid to Cousins in full on or before November 18, 2008.

12. On November 25, 2007, Cousins and BSR entered into a second written Cousins Subs Systems, Inc. Franchise Agreement (the "Scottsburg Franchise Agreement"), pursuant to which Cousins granted BSR a franchise to establish and operate a franchised Cousins Subs Shop at a specified location in Scottsburg, Indiana, for an initial ten (10) year term. The Railing Defendants each personally guaranteed BSR's performance and payment under the Scottsburg Franchise Agreement.

13. Under the Columbus Franchise Agreement and the Scottsburg Franchise Agreement (together, the "Franchise Agreements"), BSR agreed, among other things, to operate its franchised Cousins Subs Shops for the full ten-year term of the Franchise Agreements, in accordance with Cousins' standards and specifications, and to pay Cousins a weekly continuing

3
Case 2:09-cv-00336-CNC   Filed 03/27/09   Page 3 of 8   Document 1

service fee in an amount specified in the Franchise Agreements, together with weekly contributions in specified amounts to the Cousins Subs Shop Advertising and Development Fund.

14. Cousins has fully performed each and every one of its own obligations under the ADA and the Franchise Agreements.

## DEFENDANTS' BREACHES OF THE AGREEMENTS

15. In September 2008, BSR materially breached the Scottsburg Franchise Agreement, and thereby unilaterally and wrongfully terminated that agreement, by closing its franchised Cousins Subs Shop in Scottsburg, abandoning the store location, and failing thereafter to continuously operate the store as required under the terms of the Scottsburg Franchise Agreement.

16. Similarly, in October 2008, BSR materially breached the Columbus Franchise Agreement, and thereby unilaterally and wrongfully terminated that agreement, by closing its franchised Cousins Subs Shop in Columbus, abandoning the store location, and failing thereafter to continuously operate the store as required under the terms of the Columbus Franchise Agreement.

17. BSD materially breached the ADA by failing to develop Cousins Subs Shops in its territory in accordance with the development schedule set forth in the ADA. Cousins terminated the ADA in accordance with §§ 12.B(i), 12.B(iv), and 12.B(v) of the ADA, by written notice dated October 15, 2008.

18. The Railing Defendants, and each of them, have materially breached their written guarantees of the Franchise Agreement by failing to perform BSR's obligations under the Franchise Agreements upon BSR's defaults and material breaches.

19. Railing has materially breached his written guaranty of BSD's obligations under the ADA by failing to perform BSD's development obligations under the ADA upon BSD's default and material breach.

20. Railing has materially breached the Note by failing to pay the principal amount of the Note, together with all accrued interest, on or before November 18, 2008.

## COUNT I
## BREACH OF THE SCOTTSBURG FRANCHISE AGREEMENT

21. Cousins repeats and realleges ¶¶ 1 through 20 of its Complaint for Damages, as and for this ¶ 21, as if fully set forth herein.

22. BSR's closure of its franchised Cousins Subs Shop in Scottsburg, abandonment of the store location, and failure to continuously operate the store as required under the terms of the Scottsburg Franchise Agreement, constitute material breaches of its obligations under the Scottsburg Franchise Agreement.

23. As a direct and proximate result of BSR's material breaches of the Scottsburg Franchise Agreement, Cousins has sustained damages, including lost future royalties it would have earned over the remaining term of the Scottsburg Franchise Agreement had BSR fully performed its obligations under that agreement.

## COUNT II
## BREACH OF THE COLUMBUS FRANCHISE AGREEMENT

24. Cousins repeats and realleges ¶¶ 1 through 20 of its Complaint for Damages, as and for this ¶ 24, as if fully set forth herein.

25. BSR's closure of its franchised Cousins Subs Shop in Columbus, abandonment of the store location, and failure to continuously operate the store as required under the terms of the

Columbus Franchise Agreement, constitute material breaches of its obligations under the Columbus Franchise Agreement.

26. As a direct and proximate result of BSR's material breaches of the Columbus Franchise Agreement, Cousins has sustained damages, including lost future royalties it would have earned over the remaining term of the Columbus Franchise Agreement had BSR fully performed its obligations under that agreement.

## COUNT III
## BREACH OF THE ADA

27. Cousins repeats and realleges ¶¶ 1 through 20 of its Complaint for Damages, as and for this ¶ 27, as if fully set forth herein.

28. BSD's failure to develop Cousins Subs Shops in its territory in accordance with the development schedule set forth in the ADA constitutes a material breach of the ADA.

29. As a direct and proximate result of BSD's material breach of the ADA, Cousins has sustained damages, including lost future franchise fees and royalties it would have earned had BSD fully performed its obligations under the ADA.

## COUNT IV
## BREACH OF THE PROMISSORY NOTE

30. Cousins repeats and realleges ¶¶ 1 through 20 of its Complaint for Damages, as and for this ¶ 30, as if fully set forth herein.

31. Railing and BSD have breached the Note by failing to pay the principal amounts due and owing it, together with accrued interest, by November 18, 2008.

32. As a direct and proximate result of Railing and BSD's breach of the Note, Cousins has been damaged in an amount equal to the outstanding principal due and owing on the Note and all interest accrued thereon.

## COUNT V
## BREACH OF THE RAILING DEFENDANTS' GUARANTEES

33. Cousins repeats and realleges ¶¶ 1 through 20 of its Complaint for Damages, as and for this ¶ 33, as if fully set forth herein.

34. The Railing Defendants' failure to perform BSR's obligations under the Franchise Agreements upon BSR's defaults and material breaches constitutes a material breach of their written guarantees of the Franchise Agreement.

35. As a direct and proximate result of the Railing Defendants' material breach of their written guarantees, Cousins has sustained damages, including lost future royalties it would have earned over the remaining term of the Franchise Agreements had the Railing Defendants met their obligations under their guarantees upon BSR's default and material breaches of the Franchise Agreements.

## COUNT VI
## BREACH OF RAILING'S GUARANTY

36. Cousins repeats and realleges ¶¶ 1 through 20 of its Complaint for Damages, as and for this ¶ 36, as if fully set forth herein.

37. Railing's failure to perform BSD's obligations under the ADA upon BSD's defaults and material breaches constitutes a material breach of his written guaranty of the ADA.

38. As a direct and proximate result of Railing's material breach of his guaranty, Cousins has sustained damages, including lost future franchise fees and royalties it would have earned had Railing met his obligations under his guaranty upon BSD's default and material breach of the ADA.

**WHEREFORE**, plaintiff Cousins Subs Systems, Inc. respectfully demands judgment in its favor and against defendants in amounts in excess of $75,000, to be determined more precisely at trial, together with an award of the costs and expenses, including reasonable attorneys' fees, incurred by it herein.

Dated this 27th day of March, 2009.

**MICHAEL BEST & FRIEDRICH LLP**


By:     s/ Jacob E. Miota
     Jacob E. Miota, SBN 1055381
     100 East Wisconsin Avenue
     Suite 3300
     Milwaukee, WI  53202-4108
     T: 414.271.6560
     F: 414.277.0656
     jemiota@michaelbest.com


Of Counsel:

Fredric A. Cohen
Danielle M. Kays
**CHENG COHEN LLC**
1101 W Fulton Market, Suite 200
Chicago, IL 60607
T: 312.243.1717
F: 312.277.3961
fredric.cohen@chengcohen.com
danielle.kays@chengcohen.com

Attorneys for Plaintiff, Cousins Subs Systems, Inc.